**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16 C 10761 |
| ) | |
| TONY DICKINSON, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On September 9, 2015, Tony Dickinson pleaded guilty to a charge of attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. The court sentenced Dickinson to 60 months in prison, a portion of which are served concurrently with sentences imposed by an Ohio federal court and an Illinois state court. Dickinson did not appeal. On November 18, 2016, however, Dickinson moved for relief from his conviction pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and a handful of other claims. As explained below, the petition is denied, and the court declines to issue a certificate of appealability.

**I.   Dickinson's Guilty Plea**

Dickinson acknowledged his guilt under oath. In his plea agreement, and under oath during the guilty plea colloquy, Dickinson admitted the following: At 1:30 p.m. on September 30, 2010, Dickinson met with an individual with whom he had previously engaged in drug trafficking and who then (unbeknownst to Dickinson) was cooperating with law enforcement. The meeting took place in a parking lot at 32nd Street and Western Avenue in Chicago. During that meeting, Dickinson and the cooperating individual agreed that the cooperating source would sell Dickinson three kilograms of cocaine at $28,500 per kilo, and that Dickinson would pay the source $7,000 up front. Dickinson told the source that Dickinson had a customer who wanted to purchase a small amount of cocaine, and that Dickinson had $7,000 of his own money for the

up-front payment. The source quoted a price of "28-1/2" (that is $28,500) for a kilogram of cocaine, and Dickinson expressed willingness to purchase three kilograms of cocaine, though he noted that he was not ready to "jump on five [kilos] yet."

In subsequent telephone conversations, the cooperating source arranged to meet with Dickinson on the 4200 block of South Wolcott Avenue so that Dickinson could retrieve the three kilograms of cocaine. Dickinson arrived at the location at 4:42 that afternoon, as did the cooperating source, accompanied by an undercover officer in a car. The cooperating source showed Dickinson how to open a trap compartment in the car, and Dickinson observed three kilograms of cocaine inside the compartment. Dickinson and the cooperating source exchanged car keys so that Dickinson could drive the car containing the cocaine, and as he did so, he was arrested. Dickinson admitted to these facts under oath. This court's 60-month sentence was the statutory minimum and fell well below the recommended guideline sentence of 84 to 105 months.

## II. Standards for Post-conviction Relief

Relief under 28 U.S.C. § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice--for example, where the sentence imposed by the court exceeded the maximum sentence authorized by law. *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013); 28 U.S.C. § 2255(a). Generally, before a court may consider a § 2255 petition, the claims brought in it must have been raised and exhausted on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A claim not previously raised is procedurally defaulted, and a court may not consider it on habeas review unless the petitioner demonstrates both cause and prejudice. *Massaro*, 538 U.S. at 504. The only exception to this requirement is that a petitioner may raise an ineffective assistance of counsel claim in a § 2255 petition regardless of "whether or not the petitioner could have raised the claim on direct appeal." Id.

As noted, Dickinson pleaded guilty, and acknowledged facts supporting the charge at his plea colloquy. He nevertheless argues that he received ineffective assistance of counsel for four reasons: (a) counsel did not effectively challenge the charges on the basis of pre-indictment delay; (b) counsel did not effectively challenge the propriety of the charge itself; (c) counsel did not adequately investigate the case; and (d) counsel failed to assert an entrapment defense. The standards governing a claim of ineffective assistance are familiar: to prevail, a petitioner is required to establish that his attorney's performance was constitutionally deficient and that but for the attorney's failure, the outcome of the case would have been different. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (citing *Strickland v. Washington*, 446 U.S. 668 (1984)). Because there is a "strong presumption" that counsel has performed effectively, *Strickland*, 466 U.S. at 689, the court reviews the performance with great deference, and a defendant challenging his lawyer's effectiveness bears a "heavy burden." *Fountain v. United States,* 211 F.3d 429, 433-34 (7th Cir. 2000); *United States v. Harris*, 394 F.3d 543, 555 (7th Cir. 2005).

Petitioner has not met the burden in this case. Indeed, in his reply in support of the petition, Dickinson addressed only the matter of pre-indictment delay, perhaps abandoning the remaining claims. The court nevertheless addresses each claim of ineffective assistance below.

### III. Ineffective Assistance Claims

**A.** **Failure to challenge pre-indictment delay:** The indictment in this case was returned on April 23, 2015, some four-and-a-half years after the date of the charged crime (September 23, 2010). Petitioner alleges that counsel's failure to challenge the indictment on the basis of this delay was ineffective, and for purposes of this petition, the court will presume that the government has no valid explanation for its decision to wait more than four years to obtain the indictment. By itself, however, this does not establish that counsel's failure to investigate the reasons for the delay supports post-conviction relief. Petitioner must also show that he was prejudiced by counsel's failure; that is, he must show that the passage of time

3

rendered him unable to mount an effective defense. *See Devening v. Chambers,* No. 06–273–DRH, 2009 WL 3156688 (S.D. Ill. Sept. 29, 2009) ("having found that Petitioner suffered no prejudice, the court was not required to analyze whether the prosecution used the delay to gain tactical advantage over the defendant.") He has not done so here; he has not, for example identified any witnesses available to him before 2015 whose memories faded, or who moved away. The closest he comes to doing so is a speculation that the cooperating source may no longer have been in the United States by the time the indictment was returned. (Reply in Support of Petition [19], at 7.) Such speculation is insufficient to meet the burden on this issue. In *Aleman v. Honorable Judges of Circuit Court of Cook County*, 138 F.3d 302 (7th Cir. 1998), a habeas petitioner had been convicted of murders that occurred 20 years before the indictment. His challenge to his conviction on the basis of this delay was insufficient to support post-conviction relief because he offered no concrete evidence of prejudice. The court explained that it "is not enough simply to speculate . . . that witnesses' memories might have faded because of the passage of time. In order to establish prejudice for due process purposes, a defendant's 'allegations of prejudice must be specific, concrete and supported by the evidence--vague, speculative, or conclusory allegations will not suffice.' " *Id.* at 310 (quoting *United States v. Canoy,* 38 F.3d 893, 902 (7th Cir. 1994)). Dickinson's statement about the cooperating source in this case is similarly speculative. In any event, evidence from recorded phone calls, surveillance, and the testimony of the undercover officer could well have been sufficient for a conviction even without the testimony of the cooperator. Counsel was not ineffective in failing to challenge preindictment delay.

    **B.**     **Failure to Challenge Sufficiency of Indictment:**     Petitioner argues that this attorney should have challenged the sufficiency of the charge in the indictment in this case. The government responds by noting that Dickenson's unconditional guilty plea constitutes a waiver of any non-jurisdictional defects (Government's Response [12], at 7); but this simply means that Dickinson was barred from asserting such an argument on direct appeal. If the argument had

merit, his lawyer may have been ineffective in failing to assert it.

But the argument does not have merit, as the government further notes. (*Id.* at 8.) The Supreme Court has held that an indictment is sufficient if it simply describes the offense in the words of the statute itself, as long as those words themselves "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted). The Seventh Circuit has fleshed this out, explaining that "[a]n indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White,* 610 F.3d 956, 958 (7th Cir. 2010). The indictment in this case clears this low bar: It alleged simply that on September 23, 2010, within this district, Petitioner Dickinson "did attempt to knowingly and intentionally possess to with intent to distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21 United States Code, Section 841 (a)(2); [i]n violation of Title 21 United States Code, Section 846." The indictment was signed by the grand jury foreperson. It "tracked" the words of the statute by stating the elements of each crime charged, and any challenge would have been frivolous. Counsel was not ineffective merely because he did not make a meritless motion.

**C. Failure to Investigate:** Dickinson's petition faults his lawyer for failing to perform an adequate investigation. Attorneys do owe their clients "a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary." *Washington v. Smith*, 219 F.3d 620, 631 (7th Cir.2000) (quoting *Strickland*, 466 U.S. at 691). Again, however, Dickinson's claim lacks specifics. A challenge to counsel's investigative efforts requires Petitioner to explain what a further investigation would have produced. To successfully show that counsel was ineffective in this way, Petitioner must

5

"provid[e] the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir.1990)) (internal quotations omitted). The court then determines "whether, under all the circumstances of this case, these alleged acts or omissions were made outside the wide range of professionally competent assistance." *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000). That is, to support this challenge, Petitioner must identify information that counsel would have discovered in a proper investigation, and that would have been admissible at a trial. *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir.1997). He must also demonstrate a reasonable probability that the availability of the additional information would have resulted in a different outcome. Dickinson may be unsatisfied in the abstract with his attorney's investigation of the charged crime, but he identifies nothing exculpatory that counsel should have uncovered. Nor has he explained why, if such evidence does exist, he chose to acknowledge his guilt under oath. This claim, too, fails.

**D.     Entrapment:**     Finally, Petitioner suggests his attorney's performance was deficient because counsel did not pursue an entrapment defense. There is here no basis for the conclusion that such a defense would have been effective. "Entrapment is a defense to criminal liability when the defendant was not predisposed to commit the charged crime before the intervention of the government's agents and the government's conduct induced him to commit it." *United States v. Mayfield*, 771 F.3d 417, 420 (7th Cir. 2014). The account of the offense conduct to which Petitioner himself admitted defeats both prongs of this defense. When government agents "merely initiate contact with the defendant, solicit the crime, or furnish an opportunity to commit it on customary terms," there is no improper "inducement." *Id.* at 432. Nor can Petitioner suggest that he lacked predisposition: he had engaged in drug transactions with the cooperating source earlier, spoke of a potential customer, expected to profit from the transaction at issue, and volunteered to bring his own funds as a downpayment on the cocaine.

6

In his reply in support of this Petition, Dickinson notes that the government did not "offer any evidence" that he had engaged in prior drug deals, or that his phone calls were recorded (Petitioner's Reply [19], at 2)—but the government did not have to do so: the facts defeating a claim of improper inducement and establishing predisposition were set forth in the plea agreement, which Dickinson signed under oath. An entrapment defense had no chance of success under these circumstances, and counsel was not ineffective for failing to assert it.

**IV.     Dickinson's Remaining Claims**

In addition to his ineffective assistance claims, Dickinson has raised a handful of substantive challenges to his conviction. It appears he has abandoned all of them; his reply memorandum is devoted solely to the issue of pre-indictment delay. In any event, unless they were raised on direct appeal, claims other than ineffective assistance of counsel are procedurally defaulted. Nor do any of Dickinson's other claims have apparent merit. For example, Dickinson insists he is entitled to testing of the drugs at issue in this case because the quantities sold were not pure cocaine. But "it is the weight of the consumable mixture (or substance containing the illegal drug), rather than the weight of the illegal drug itself that counts for sentencing purposes." *United States v. Block*, 705 F.3d 755, 759 (7th Cir. 2013) (citations omitted).

Finally, in the months during which this petition has been pending, Dickinson has filed a "motion for status review" [20]; applications for leave to proceed without prepayment of fees [23, 25]; a motion for "expedited action" [26]; and a motion for leave to petition for mandamus relief [27]. Dickinson has no outstanding fee obligations, so his requests for leave to proceed without prepayment are moot. This opinion itself constitutes a status report; it renders his request for mandamus relief moot, as well.

## CONCLUSION

Dickinson's petition to vacate his conviction and sentence pursuant to 28 U.S.C. 2255 [1] is denied. Because reasonable jurists could not "debate whether . . . the petition should have

7

been resolved in a different manner." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011), Petitioner has failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c), and the court declines to issue a certificate of appealability. *Id.* Petitioner's remaining motions [20, 23, 25, 26, 27] are denied as moot. Civil case terminated.

ENTER:

Dated: January 4, 2018

REBECCA R. PALLMEYER
United States District Judge